[Crim. No. 7180. Second Dist., Div. Three. Mar. 3, 1961.]

## THE PEOPLE, Respondent, v. CHARLES M. FITZSIMONS, Appellant.

Patrick Coleman for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

SHINN, P. J.—In an amended information appellant was charged with the crime of grand theft, in violation of section 487, paragraph 1, of the Penal Code. Three prior felony convictions were alleged in the information. Appellant was arraigned and pleaded "not guilty" and denied the prior convictions. Appellant later admitted a prior conviction of forgery and the other priors were stricken from the information. After a trial by jury in which appellant was represented by a deputy public defender, he was found guilty as charged and sentenced to prison. By private counsel he appeals from the order denying his motion for new trial and from the final judgment.

Appellant was an employe of the San Gabriel Valley Supply Company owned by Walter A. Meyer which dealt in the sale and rental of floor polishing machines and equipment. Ten of the floor machines were found to be missing from the inventory. In the trial appellant acknowledged that he had sold the machines and had collected the amounts for which they had been sold but claimed that he had been authorized to sell them and receive such money by a Mr. Menefee, the store stock control manager who was the father-in-law of Mr. Meyer. His defense was that he had paid all the money, less his commissions to Mr. Menefee, who had died some time before appellant's arrest.

Appellant's only contention is that he was denied a fair trial because of the misconduct of the prosecuting attorney in the questioning of witnesses. He claims, first, that the prosecuting attorney was guilty of misconduct when he brought out on redirect examination of Mr. Meyer the possibility that the appellant had suffered two prior theft convictions and was presently on probation. This incident requires a preliminary explanation. The prosecutor had produced records of defendant's conviction of forgery in Los Angeles County in 1954, which defendant admitted. Also produced were records from the Colorado State Penitentiary for the purpose of proving the two former convictions which were not admitted by appellant. In the absence of a showing that the convictions in question were provable felonies, the court declined to admit the evidence when it was offered and requested that counsel furnish authorities on the point. Nothing was submitted and, as previously stated, the allegation as to these two convictions was stricken.

The following incident occurred in the redirect examination of Mr. Meyer: "Q. When you hired Mr. Fitzsimons, he told

you he had legal problems, was on probation; is that correct? A. That's right. Q. He did not tell you that he had two prior theft convictions? A. No, sir. THE COURT: Just a minute. MR. GORDON: I am going to object, make a motion for a mistrial, and ask the Court to cite Counsel for misconduct. THE COURT: Gentlemen, approach the Bench. Ladies and Gentlemen of the jury, you will disregard any implications of the question concerning any prior theft convictions of any kind.'' A discussion was had at the bench as follows: ''THE COURT: We had a gentlemen's understanding at recess the other day that there will be no mention of those until the questions of whether they are admissible priors were briefed. It was agreed that there would be no mention of whether it was prior thefts until that matter was gone into, that we would limit it to one prior felony. MR. NOLAND: Well, my bringing it up at this time was in good faith as far as that is concerned. THE COURT: I am not going to grant the motion for new trial [mistrial]. I do not want any further mention of those priors until the matter is briefed. I want it clear on the record. The Court asked him if he had been convicted of a felony. He did not ask him anything about any other. We had a gentlemen's agreement there would be no mention except the one felony. I don't want any further mention of it. (Whereupon, the following proceedings were had in open Court in the presence of the jury.) THE COURT: Motion for mistrial is denied. Jury to disregard the question, not to draw any inference of any kind whatsoever from it.''

Prior to the foregoing, defense counsel had brought out on cross-examination of Mr. Meyer that appellant possibly was on probation and may have been convicted of a felony. ''Q. Now, when you hired Mr. Fitzsimons, did you know that he had been previously convicted of a felony? MR. NOLAND: Your Honor, I object to that. At this particular point, I don't believe it has been brought out here—I withdraw the objection. A. No. Q. Isn't it true that he told you he had been convicted of a felony when you hired him? A. He told me he had some trouble, he had some legal trouble, he was on probation. Q. He did tell you he was on probation? A. I didn't go into details. We made a gentlemen's agreement to play fair and square with each other.''

After the incident in which the prosecutor asked Mr. Meyer whether he had been informed of two prior theft convictions defendant's attorney brought up the matter again while defendant was on the stand, and the following occurred:

"Q. Now, in 1954, you were convicted of a felony, forgery; or was that '55? A. That's right. Mr. Noland: Your Honor, I wonder if Counsel is trying to impeach his own witness. I believe that is an improper question. The Court: No objection to the question until after the answer was in. The objection is too late, be overruled. The answer may stand. Q. (By Mr. Gordon) Now, in 1938, were you convicted of larceny under the six-months Statute in Colorado? Mr. Noland: May I object to that before you answer? Is Counsel trying to impeach his own witness? Improper question. The Court: Objection sustained." Thereafter, on cross-examination defendant testified that he had been convicted of a felony in Los Angeles in 1955 and that he had also been convicted in 1938 when he was 19 years of age and that he served 2 years in state prison. No objection was made to this questioning.

 The first questioning by the district attorney with respect to two other convictions was a violation of the understanding counsel had with the court and was unjustifiable. On two occasions the court directed the jury to disregard the first reference to the prior convictions. The court also gave an instruction that the fact that the accused had been convicted of a felony was to be considered only as to the effect it might be given in considering his credibility. And later on as previously stated, defense counsel developed the fact in the direct examination of defendant that he had probably suffered a conviction in 1938, which was followed by the further cross-examination which we have quoted.

Defendant went to work for Mr. Meyer in February 1958. The questioning of Mr. Meyer by defense counsel whether he knew at that time that defendant had previously been convicted of a felony, Mr. Meyer's reply that defendant had told him he was on probation, and defendant's later testimony that he had been convicted of a felony in 1955 could not have failed to indicate to the jury that defendant was on probation for a felony of comparatively recent date.

Although we find no excuse for the district attorney's questioning as found in the first foregoing quotation, we are of the opinion that the incidents described were not substantially prejudicial to defendant.

 Another incident which defendant complains of was the questioning of defendant on cross-examination whether he was not paying child support through the probation officer. The only objection is that there was a reference to the probation officer. The mention of the probation officer occasioned

no prejudice to the defendant, inasmuch as his own counsel had brought out the fact that he was on probation at the time he went to work for Mr. Meyer. The court instructed the jury to disregard the reference to child support.

Another incident was the questioning of defendant's wife whether defendant had not been addicted to gambling and had had some trouble at the Santa Anita track. Her replies were that he did not go to the track more than two or three times a year and that she had never heard of his having any trouble at the track. The insinuation that he had been in trouble was no part of a proper cross-examination but no objection was made to the line of interrogation.

The record shows that the trial judge was fully aware of his duties in ruling upon defendant's motion for a new trial. He heard argument of counsel on the motion and at the conclusion of the same stated: "In this matter, the motion for new trial will be denied. As previously indicated, the Court feels that there was substantial from the facts—in fact the Court felt overwhelming evidence of the Defendant's guilt in this matter. There was undoubtedly misconduct on the part of the District Attorney, the Deputy handling the case in the mentioning of the convictions after a prior agreement not to do so, but the Court feels that the immediate forceful action of the Court in not only instructing the jury, but reprimanding the District Attorney for bringing the matter before the jury cured any error that was made."

The jury, of course, did not believe appellant's testimony that he had delivered to Mr. Menefee the money received from the sale of the machines. That was the sole defense offered and it rested upon defendant's uncorroborated testimony. It is evident that the trial judge also deemed defendant to be an untruthful witness. All the circumstantial evidence tended to support that estimate of defendant's lack of credibility. We are in complete agreement with the views of the trial court that the method of cross-examination adopted by the deputy district attorney, while not praiseworthy, resulted in no substantial detriment to appellant.

The judgment and order are affirmed.

Vallée, J., and Ford, J., concurred.